11-3459-ag
Ba v. Holder

BIA
Van Wyke, IJ
A096 499 696

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of July, two thousand twelve.

PRESENT:
> REENA RAGGI,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

HAROUNA BA, AKA CHACHA DOUCOURE,
> *Petitioner,*

> v.                                              11-3459-ag
>                                                 NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jamie B. Naini, Memphis, TN.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Keith I. McManus, Senior Litigation Counsel; Brendan P. Hogan, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Harouna Ba, a native and citizen of Mauritania, seeks review of a July 27, 2011, order of the BIA affirming the May 7, 2009, decision of Immigration Judge ("IJ") William P. Van Wyke denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Harouna Ba*, No. A096 499 696 (B.I.A. July 27, 2011), *aff'g* No. A096 499 696 (Immig. Ct. N.Y. City May 7, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). For asylum applications like Ba's, submitted prior to the passage of the REAL ID Act, an adverse credibility determination must be based on

"specific, cogent reasons" that "bear a legitimate nexus" to the finding, and any discrepancy must be "substantial" when measured against the record as a whole. *See Secaida-Rosales v. INS*, 331 F.3d 297, 307 (2d Cir. 2003), *(internal quotation marks omitted), superseded by statute on other grounds as recognized by Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006). Here, substantial evidence supports the agency's adverse credibility determination.

The IJ reasonably found Ba's testimony that he was a Mauritanian slave not credible due to inconsistencies between his identification documents and his testimony. An asylum applicant bears the burden to establish his nationality, or lack of nationality, *see Jigme Wangchuck v. DHS*, 448 F.3d 524, 529 (2d Cir. 2006), and his failure to establish his identity may "significantly undermine[] the credibility of his request for asylum," *Matter of O-D-*, 21 I. & N. Dec. 1079, 1082 (BIA 1998). Here, the IJ reasonably declined to credit Ba's birth certificate, which was unauthenticated in any manner and contradicted the birth date Ba asserted during his testimony, and Red Cross documents, which indicated that Ba resided in a Senegalese

3

camp during years that Ba's testimony and evidence indicated he resided in the United States and Mauritania. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir. 2006) (noting that the weight afforded to the applicant's evidence in immigration proceedings lies largely within the discretion of the IJ). Despite Ba's explanation for the discrepancy between the Red Cross letter and his testimony, he did not explain the discrepancy with regard to his other evidence, and the IJ was thus not required to credit his explanation. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

The IJ also reasonably relied on: (1) Ba's vague and implausible testimony regarding how he became aware of his parents' death, *see Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir. 2005); (2) his evasive demeanor, *see Tu Lin*, 446 F.3d at 400-01; and (3) the cumulative effect of the inconsistencies in Ba's testimony regarding matters collateral to Ba's underlying claim, including his admissions that he lied when testifying that he had not been in or arrested in the United States prior to 2003 and had not used another name, and his inconsistent testimony regarding how he became aware of his parents' murders, *see*

4

*id.* at 402.  Furthermore, having questioned the credibility of Ba's testimony, the IJ reasonably required corroborating evidence from his cousins who lived in the United States and Canada.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).

Because the IJ's adverse credibility determination is supported by substantial evidence, the IJ did not err by denying Ba's application for asylum, withholding of removal, and CAT relief as these claims were based on the same factual predicate.  *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5